**E-Filed 6/26/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCIO SANCHEZ-BELTRAN,<br><br>    Defendant. | Case Number CR 99-20106 JF<br>                    C 07-2098 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Defendant Lucio Sanchez-Beltran ("Defendant") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

On July 13, 1999, a grand jury returned an indictment charging Defendant with conspiracy to possess with intent to distribute cocaine; attempted possession with intent to distribute cocaine; aiding and abetting; and unlawful carrying of a firearm during and in relation

---

[1] This disposition is not designated for publication in the official reports.

to a drug trafficking crime. On July 30, 1999, Defendant made his initial appearance in court and was released upon a $10,000 cash bond. On August 18, 1999, Defendant failed to appear, and the Court issued a no-bail warrant for his arrest.

On September 17, 2001, Defendant was arrested. A grand jury returned a superseding indictment against him. On July 24, 2002, a grand jury returned a second superseding indictment charging Defendant with three separate counts of conspiracy to possess with intent to distribute cocaine; attempted possession with intent to distribute cocaine; unlawful carrying of a firearm during and in relation to a drug trafficking crime; failure to appear before a court; and two counts of possession with intent to distribute cocaine. On March 24, 2003, Defendant pled guilty without a written plea agreement to all eight counts of the second superseding indictment.

On March 9, 2005, this Court sentenced Defendant to 384 months of imprisonment. On December 18, 2006, the Ninth Circuit affirmed Defendant's conviction and sentence. Defendant subsequently filed the instant motion to vacate, set aside, or correct sentence, asserting that his trial counsel was ineffective because counsel: (1) did not permit Defendant to accept the initial offer made by the government, under which Defendant would have pled guilty to only two counts of the superseding indictment; (2) coerced Defendant to plead guilty on the eve of trial; (3) requested a psychiatric evaluation to determine Defendant's competency to stand trial; (4) failed to assert an entrapment defense; (5) failed to call officer Garry Peterson to testify at a suppression hearing on July 9, 2002; (6) failed to object to the Court's purportedly defective Rule 11 plea colloquy; (7) failed to object to the Court's postponement of the consideration of Defendant's substantial assistance to the government; (8) failed to object to the Court's use of the Sentencing Guidelines in determining his presumptive sentence; and (9) failed to object to the Court's imposition of an aggravating role enhancement.

## II. DISCUSSION

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack." 28 U.S.C. § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).

In order to establish ineffective assistance of counsel, a criminal defendant must prove two elements. First, he or she must establish that counsel's performance was defective. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, he or she must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* Furthermore, judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance and it is the defendant's burden to overcome this presumption. *Id.*

**A.   Alleged Refusal to Permit Defendant to Accept Plea Offer and Alleged Coercion to Plead Guilty Without a Plea Agreement on the Eve of Trial**

Defendant claims that counsel did not permit him to accept the government's initial plea offer, pursuant to which he would have pled guilty to counts one and five of the first superseding indictment. He asserts that if he had been permitted to do so, he would have received a lesser sentence. Defendant also claims that counsel coerced him to plead guilty without a plea agreement on the eve of trial. In support of these claims, Defendant submits an affidavit stating in relevant part as follows:

> "I declare that INGO BRAUER argued with me during plea negotiations, and would not allow me to plead to count I and V of the superseding indictment."
>
> "I declare that my counsel was ineffective for coercing me to plead guilty on the eve of trial, without a plea agreement."
>
> "I declare that INGO BRAUER did not allow me to plead guilty despite my protests to do so. And coerced me mentally to plead guilty on the eve of trial."

3

Case No. CR 99-20106 JF, C 07-2098 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX2)

1    Counsel has submitted a declaration stating that when he discussed with Defendant the
2  government's offer to accept a plea to counts I and V of the superseding indictment, Defendant
3  flatly refused the offer and insisted that he was not guilty. Counsel states that he did not pressure
4  or coerce Defendant to enter a guilty plea, and in fact stated that he was willing to take the case to
5  trial.

6    Ordinarily, when confronted with conflicting declarations from a defendant and trial
7  counsel, the Court would conduct an evidentiary hearing in order to hear live testimony from
8  both individuals. However, the Court concludes that such a hearing is not warranted in this case.
9  Defendant's affidavit is entirely conclusory. While Defendant claims that counsel "would not
10 allow" him to accept the government's offer that would have allowed him to plead guilty to two
11 counts of the superseding indictment, he does not explain *how* counsel prevented him from doing
12 so. Had Defendant wanted to accept the offer, he certainly could have communicated that to the
13 Court. Defendant does not claim that counsel failed to inform him about the offer or gave him
14 bad advice regarding the offer; instead he claims that counsel somehow prevented him from
15 accepting the offer. This claim is facially deficient given the lack of factual detail in Defendant's
16 affidavit and Defendant's failure to inform the Court of his desire to accept a plea agreement at
17 any time during the underlying proceedings, during the appellate proceedings, or in any manner
18 at all prior to his filing the instant motion.

19   Similarly, while Defendant asserts that counsel coerced him to plead guilty, he provides
20 no explanation as to how such coercion was accomplished. He does not describe any threats
21 made by counsel or other conduct that would support his conclusory statement that he was
22 coerced. Given the lengthy and detailed plea colloquy conducted by this Court, which expressly
23 included a question as to whether Defendant had any complaint or dissatisfaction with the legal
24 services he had received, and Defendant's failure to claim any type of coercion at the time of the
25 plea, this aspect of Defendant's claim also is deficient on its face. Accordingly, an evidentiary
26 hearing is not warranted.

27 **B.    Request for a Psychiatric Evaluation**

28   In July 2002, Defendant's counsel requested that the Court order a competency evaluation

of Defendant, which request was granted. Defendant was found competent to stand trial. Defendant fails to explain how counsel's request for a competency evaluation constituted deficient performance or how the evaluation prejudiced Defendant.

**C.       Failure to Assert Entrapment Defense**

Defendant asserts that a confidential informant ("CI") was paid $28,000 for his services by law enforcement and that the CI had failed to pay his taxes for the last ten years. Defendant appears to be claiming that counsel should have asserted an entrapment defense based upon these facts. As an initial matter, while a failure to pay taxes may have been a relevant factor in assessing the CI's motive to cooperate with the government, this fact has no bearing upon whether an entrapment defense was viable. In order to raise an entrapment defense, a criminal defendant must establish that: (1) *he* was induced to commit the crime by a government agent; and (2) *he* was not otherwise predisposed to commit the crime. *U.S. v. Barry* 814 F.2d 1400, 1401 (9th Cir. 1987). Defendant has not presented any evidence that would support either element of entrapment; accordingly, he has failed to demonstrate that counsel's failure to raise an entrapment defense constituted deficient performance or that such a defense would have been successful

**D.       Failure to Call Garry Peterson as a Witness at Suppression Hearing**

Defendant claims that counsel should have called Officer Garry Peterson as a witness at a suppression hearing on July 9, 2002 in order to impeach the testimony of Officer Parra. However, Defendant has not made any proffer as to what Officer Peterson would have said had he been called to testify, or how Officer Peterson's testimony would have contradicted that of Officer Parra. Defendant thus has failed to demonstrate that the failure to call Officer Peterson constituted deficient performance or caused him to suffer prejudice.

**E.       Failure to Object to Rule 11 Colloquy**

Defendant claims that at the time he entered his guilty plea, counsel failed to object on the basis that the Court did not state clearly the charges as to which Defendant was pleading guilty as required by Federal Rule of Criminal Procedure 11. Defendant offers no evidence that he did not understand the charges against him. Although his affidavit contains the vague assertion that "my

5

counsel did not assist me in making a proper and intelligently [sic] decision to plead guilty," this conclusory statement is insufficient to present even a colorable ineffective assistance claim. To the extent that Defendant is referring to this Court's initially mistaken statement regarding the elements of the gun charge, the record shows that the Court immediately clarified the proper definition of "carry." The Ninth Circuit held on Defendant's direct appeal that the Court properly stated the elements of the gun charge and that Defendant understood them, and those determinations are *res judicata*. *United States v. Sanchez-Beltran*, 213 Fed. Appx. 548, 551 (9th Cir. Dec. 18, 2006). Accordingly, Defendant has failed to demonstrate that counsel's failure to object to the Rule 11 colloquy was deficient or prejudicial.

**F.   Failure to Object to Postponement of Consideration of Substantial Assistance**

Defendant asserts that counsel should have objected to the Court's postponement of consideration of the substantial assistance he rendered to the government. Defendant has failed to present any evidence in support of this claim. Moreover, on Defendant's direct appeal the Ninth Circuit held that this Court did account for Defendant's assistance when considering the sentencing range under the advisory Guidelines; that this Court lacked the authority to depart downward for substantial assistance because the government failed to move for such a departure; and that there was no evidence of arbitrariness or unconstitutional motivation on the part of the government in failing to do so. *Sanchez-Beltran*, 213 Fed. Appx. at 552. These determinations are *res judicata*. **G.   Failure to Object to Court's Use of Guidelines Range as Presumptive Sentence**

Defendant claims that the Court improperly used the Guidelines range as the presumptive sentence, and that counsel was ineffective for failing to object on this ground. On direct appeal, the Ninth Circuit held that "we find no basis in the record to conclude that the district court treated the Guidelines range as the presumptive sentence." *Id*. Again, this determination is *res judicata*. Accordingly, Defendant has failed to show that there was any basis for counsel to make such an objection, or that the failure to make such an objection was prejudicial.

**H.   Failure to Object to Aggravating Role Enhancement**

Finally, Defendant claims that this Court erred in imposing the "manager" enhancement

6

1 and that counsel should have objected to this enhancement.  Defendant does not present any
2 evidence suggesting that the enhancement was inappropriate, or that an objection to the
3 enhancement would have altered the outcome of the proceedings.

### III. ORDER

Defendant's motion to vacate, set aside or correct sentence is DENIED.

DATED: 6/26/2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

3  Jesse Joseph Garcia , Esq    gstcrimlaw@yahoo.com

4  John Norman Glang    John.Glang@usdoj.gov, Tracey.Andersen@usdoj.gov

5  Katherine Alfieri    alfierilaw@yahoo.com

6  Nicholas P. Humy    nicholas_humy@fd.org, cynthia_lie@fd.org, Mara_Goldman@fd.org, nanetta_bernal@fd.org

8  Lucio Sanchez-Beltran
   99347-011
9  FCI-Talladega
   PMB 1000
10 Talladega, AL 35160

12 Lucio Sanchez-Beltran
   99347-011
   FCI-Bennettsville
13 P.O. Box 52020
   Bennettsville, SC 29512

Case No. CR 99-20106 JF, C 07-2098 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX2)