UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCIO SANCHEZ-BELTRAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 07-CV-02098-JF(LHK)<br>99-CR-20106-LHK-2<br><br>**ORDER DENYING MOTION TO REOPEN PROCEEDINGS** |

Before the Court is Petitioner Lucio Sanchez-Beltran's ("Petitioner") motion to reopen his 28 U.S.C. § 2255 proceedings pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. ECF No. 219[1] ("Mot."). Respondent United States of America ("Respondent") filed an answer on April 10, 2015. No. 07-CV-02098-JF(LHK), ECF No. 17 ("Answer"). Petitioner filed a reply on June 1, 2015. ECF No. 227 ("Reply"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Petitioner's motion to reopen proceedings for the reasons stated below.

---

[1] All ECF citations refer to No. 99-CR-20106-LHK-2 unless specified otherwise.

1

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS

## I. BACKGROUND

### A. Factual Background

On July 13, 1999, a grand jury returned an indictment charging Petitioner with (1) conspiracy to possess with intent to distribute cocaine; (2) attempted possession with intent to distribute cocaine; (3) aiding and abetting; and (4) unlawful carrying of a firearm during and in relation to a drug trafficking crime. ECF No. 202, Order Denying § 2255 Petition ("§2255 Denial") at 1-2. Petitioner was released on bail on July 30, 1999. *Id.* at 2. Petitioner failed to appear in court on August 18, 1999, and was subsequently arrested on September 17, 2001. *Id.*

A grand jury returned a superseding indictment against Petitioner. On May 30, 2002, the government offered Petitioner a plea agreement in which Petitioner would plead guilty to counts 1 and 5 of the superseding indictment. ECF No. 185 App'x A. The offer expired on June 11, 2002, without Petitioner accepting it. *Id*. On July 24, 2002, a grand jury returned a second superseding indictment charging Petitioner with (1) three counts of conspiracy to possess with intent to distribute cocaine; (2) attempted possession with intent to distribute cocaine; (3) unlawful carrying of a firearm during and in relation to a drug trafficking crime; (4) failure to appear before a court; and (5) two counts of possession with intent to distribute cocaine. § 2255 Denial at 2. On March 24, 2003, Defendant pleaded guilty to all eight counts without a written plea agreement. ECF No. 96.

On March 9, 2005, U.S. District Judge Jeremy Fogel sentenced Petitioner to 384 months of imprisonment. § 2255 Denial at 2. The Ninth Circuit affirmed Petitioner's conviction and sentence on December 18, 2006. *See United States v. Sanchez-Beltran*, 213 F. App'x 548 (9th Cir. 2006).

### B. Procedural History

On April 13, 2007, Petitioner filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 Petition"), which asserted that his trial counsel was ineffective because counsel allegedly: (1) did not permit Petitioner to accept the May 30, 2002 plea agreement; (2) coerced Petitioner to plead guilty before trial; (3) failed to raise an entrapment

defense; (4) failed to call witnesses to rebut testimony during a suppression hearing; (5) failed to object to the Court's purportedly defective colloquy under Rule 11 of the Federal Rules of Criminal Procedure; (6) failed to object to the Court's postponement of the consideration of Petitioner's substantial assistance to the government; (7) requested a psychiatric evaluation to determine Petitioner's competency to stand trial; (8) failed to object to the Court's use of the Sentencing Guidelines in determining his presumptive sentence; and (9) failed to object to the Court's imposition of an aggravating role enhancement. *See* ECF No. 185.

Judge Fogel denied the petition on June 26, 2009, without holding an evidentiary hearing. *See* § 2255 denial. As relevant here, Judge Fogel found as follows:

> While Defendant claims that counsel "would not allow" him to accept the government's offer that would have allowed him to plead guilty to two counts of the superseding indictment, he does not explain how counsel prevented him from doing so. Had Defendant wanted to accept the offer, he certainly could have communicated that to the Court. Defendant does not claim that counsel failed to inform him about the offer or gave him bad advice regarding the offer; instead he claims that counsel somehow prevented him from accepting the offer. This claim is facially deficient given the lack of factual detail in Defendant's affidavit and Defendant's failure to inform the Court of his desire to accept a plea agreement at any time during the underlying proceedings, during the appellate proceedings, or in any manner at all prior to his filing the instant [§ 2255] motion.
>
> Similarly, while Defendant asserts that counsel coerced him to plead guilty, he provides no explanation as to how such coercion was accomplished. He does not describe any threats made by counsel or other conduct that would support his conclusory statement that he was coerced. Given the lengthy and detailed plea colloquy conducted by this Court, which expressly included a question as to whether Defendant had any complaint or dissatisfaction with the legal services he had received, and Defendant's failure to claim any type of coercion at the time of the plea, this aspect of Defendant's claim also is deficient on its face. Accordingly, an evidentiary hearing is not warranted.

§ 2255 Denial at 4.

On February 22, 2010, Judge Fogel denied Petitioner's request for a certificate of appealablity. ECF No. 209. The Ninth Circuit did so as well on September 29, 2010. ECF No.

3

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS

213.

Petitioner filed the instant motion to reopen his § 2255 proceedings pursuant to Rule 60(b)(6) on January 7, 2014. *See* Mot. Respondent filed its answer on April 10, 2015. *See* Answer. On May 8, 2015, this case was reassigned to the undersigned judge. ECF No. 224. Petitioner filed his reply on June 1, 2015. *See* Reply.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides that a district court may relieve a party from a final judgment, order, or proceeding where the movant has shown one or more of the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A movant seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

When determining whether a movant seeking relief under Rule 60(b) has demonstrated "extraordinary circumstances," a court considers the following factors: (1) whether an "intervening change in the law . . . overruled an otherwise settled legal precedent"; (2) whether the movant was diligent in seeking relief; (3) "whether granting the motion to reconsider would . . . disturb[] the parties' reliance interest in the finality of the case"; (4) the "delay between the finality of the judgment and the motion for Rule 60(b)(6) relief"; (5) "the close relationship between the two cases at issue"; and (6) "considerations of comity." *Phelps v. Alameida*, 569 F.3d 1120, 1135-39 (9th Cir. 2009). "[T]he proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to evaluate the circumstances surrounding the specific motion before the court." *Id.* at 1133. It is well established that "a change in the law will not always

4

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS

1   provide the truly extraordinary circumstances necessary to reopen a case." *Id.* (internal quotation marks omitted).

### B. 28 U.S.C. § 2255(h)

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2255(h) provides further:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Reading these statutes together, the Ninth Circuit has determined that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

### III. DISCUSSION

In the instant case, Petitioner requests that the Court reopen the proceedings of his § 2255 Petition pursuant to Rule 60(b)(6). Mot. at 1. Petitioner bases the instant motion on an allegedly intervening change in law created by the U.S. Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012), which confirmed that the *Strickland* test for ineffective assistance of counsel applies not just when counsel's errors lead to "the improvident acceptance of a guilty plea," but also when counsel's errors result in a "rejection of the plea offer and the defendant is convicted at the ensuing trial." *See* Mot. at 2. As the Court concludes that the instant motion constitutes a successive or second § 2255 petition, and Petitioner has not sought—much less

5

1  obtained—a certificate from the Ninth Circuit authorizing such a petition, the Court lacks

2  jurisdiction over Petitioner's motion and must therefore deny it. Moreover, even if Petitioner had

3  sought a certificate from the Ninth Circuit, that request would almost certainly have been denied

4  because the Ninth Circuit has already held that *Lafler* did not establish "a new rule of

5  constitutional law" under the meaning of § 2255(h). *Buenrostro v. United States,* ("*Buenrostro

6  II*"), 697 F.3d 1137, 1140 (9th Cir. 2012).

7       A district court may only consider a successive § 2255 petition if the petitioner has attained

8  a certificate from the appropriate court of appeals pursuant to § 2255(h). *Washington*, 653 F.3d at

9  1065. "Because of the difficulty of meeting [the § 2255(h)] standard, petitioners often attempt to

10  characterize their motions in a way that will avoid the strictures of § 2255(h)." *Id.* at 1059. For

11  example, petitioners may attempt to characterize their motions as being brought under Rule 60(b).

12  *Id.* "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must

13  meet the criteria set forth in § 2255(h)." *Id.* at 1059-60; *see United States v. Buenrostro*,

14  ("*Buenrostro I*") 638 F.3d 720, 722 (9th Cir. 2011) (requiring the petitioner's disguised § 2255

15  petition to satisfy § 2255(h)).

16       To determine whether Petitioner's Rule 60(b)(6) motion is in fact a disguised § 2255

17  petition, this Court looks to the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524

18  (2005).[2] *See Washington*, 653 F.3d at 1062. Under *Gonzalez*, "if the motion presents a 'claim,' i.e.

19  'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a

20  new request for relief on the merits and should be treated as a disguised 2255 motion." *Id.* at 1063

21  (citing *Gonzalez*, 545 U.S. at 530). "A Rule 60(b) motion can be said to bring a 'claim' if it seeks

22  to add a new ground for relief from the state conviction or attacks the federal court's previous

23  resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 524-25. Examples of "claims" include:

---

[2] Although *Gonzalez* was limited to § 2254 cases, the Ninth Circuit has held that *Gonzalez*'s "analysis is equally applicable to § 2255 cases." *Buenrostro I*, 638 F.3d at 722.

> [A] motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error"; a motion to present "newly discovered evidence" in support of a claim previously denied; *a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim"*; a motion "that seeks to add a new ground for relief"; a motion that "attacks the federal court's previous resolution of a claim on the merits"; a motion that otherwise challenges the federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief"; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions."

*Washington*, 653 F.3d at 1063 (emphasis added) (citations omitted) (quoting *Gonzalez*, 545 U.S. at 530-32). Essentially, "a motion that does not challenge 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably,' [raises] a 'claim' that takes it outside the purview of Rule 60(b)." *Id.*

In light of the foregoing, the Court concludes that Petitioner's Rule 60(b)(6) motion "raises 'claims' and thus should be considered a disguised second or successive § 2255 motion that [the Court] must dismiss for lack of jurisdiction." *Washington*, 653 F.3d at at 1063-64. As stated above, a motion that argues "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim" presents a "claim" for purposes of § 2255. *Gonzalez*, 545 U.S. at 531 (quotation omitted). Such is the case here. Petitioner's Rule 60(b)(6) motion is expressly based on "an intervening change of law," which Petitioner says "fully supports" the ineffective assistance of counsel claim that was raised in his § 2255 Petition and denied by Judge Fogel in 2009. Mot. at 1. Under *Gonzalez*, then, Petitioner's Rule 60(b)(6) motion raises a "claim" and must therefore be treated as a successive § 2255 motion. *See* 545 U.S. at 531; *see also Washington*, 653 F.3d at 1063.

Petitioner contends nonetheless that his Rule 60(b)(6) motion is not a successive § 2255 petition because "[t]hat is not the premise of said request under the present motion." Reply at 5. As noted above, however, *Gonzalez* makes clear that it is the relief sought, not the pleading's title, that determines whether the motion is a successive § 2255 petition. *See* 545 U.S. at 531 ("[A]lthough labeled a Rule 60(b) motion, [the motion] is in substance a successive habeas

7

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS

petition and should be treated accordingly."); *see also United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) ("Indeed, to allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."). Petitioner fails to explain how his motion to reopen his § 2255 proceedings in any way "challenges 'the integrity of th[ose] proceedings.'" *Washington*, 653 F.3d at 1063. Consequently, the Court finds Petitioner's motion to be a successive § 2255 petition.

"A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Washington*, 653 F.3d at 1065 (citation omitted); *see* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). To date, Petitioner has not sought, and the Ninth Circuit has not issued, any such certificate authorizing Petitioner to file a successive § 2255 motion.[3] Accordingly, this Court lacks jurisdiction to entertain Petitioner's successive § 2255 motion and must deny it.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motion to reopen proceedings under Rule 60(b)(6).

---

[3] Even if Petitioner had sought a certificate from the Ninth Circuit, the Court is skeptical that Petitioner could satisfy the § 2255(h) standard. Petitioner does not purport to rely on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1). Nor does Petitioner purport to rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(2). Rather, Petitioner's motion relies on the U.S. Supreme Court's ruling in *Lafler*. However, *Lafler* cannot form the basis for an application for a second or successive motion under § 2255(h)(2) because the Ninth Circuit has already held that *Lafler* did not "decide[] a new rule of constitutional law." *Buenrostro II*, 697 F.3d at 1140.

8

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS

**IT IS SO ORDERED.**

Dated: July 22, 2015

_____
LUCY H. KOH
United States District Judge

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO REOPEN PROCEEDINGS